(No. 3392— ▮▮▮▮▮▮▮▮▮▮

MINNIE HENRY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed February 14, 1940.*

CLAIMANT, pro se.

JOHN E. CASSIDY, Attorney General; MURRAY F. MILNE, Assistant Attorney General, for respondent.

MR. JUSTICE LINSCOTT delivered the opinion of the court:

This case comes to this court on a stipulation of facts. Minnie Henry, widow of Abel Henry, filed her petition with the Clerk of this Court on June 27, 1939. It is agreed that on May 25, 1939, and for more than one year prior thereto, Abel Henry was in the employ of the respondent in the capacity of first helper to Richard Enoch, maintenance patrolman in the Division of Highways, Department of Public Works and Buildings; that said Division of Highways was on May 25, 1939, engaged in the construction, maintenance and repair of hard-surfaced roads; that they had no children under the age of sixteen years.

It also appears from the stipulation that on the date last mentioned both Richard Enoch and Abel Henry were engaged in the repair of a portion of the pavement on S. B. I. Route 128, about one and one-half miles north of Shelbyville, Illinois, where a blowup had occurred by reason of excessive expansion of the concrete due to high temperature; that said Richard Enoch and Abel Henry had removed and excavated a portion of the pavement approximately four feet by six feet and six inches deep; that Enoch then drove to Shelbyville to obtain a sledge hammer and instructed his assistant, Abel Henry, to remain at the side of the hole in the pavement and warn traffic, but did not give him a red flag; that about 1:45 Abel Henry saw an automobile driven by L. H. Baker of Decatur, Illinois, approach the hole, and Abel Henry ran across the pavement and motioned the driver to pass around

the east side of the hole; that the car was driven to the west side of the pavement and struck Henry.

It also appears from the stipulation that an ambulance was summoned and said Henry was taken to the Shelbyville Memorial Hospital, where he was pronounced dead.

It also appears that the State of Illinois paid the sum of $7.50 for medical and ambulance services.

It also appears that the decedent's annual earnings for one year prior to May 25, 1939, was the sum of $1,255.60.

It appears that the respondent had immediate notice of the injuries and death; that a demand was made for compensation within six months after May 25, 1939, and claim for compensation was filed shortly thereafter.

It also appears from the stipulation that it was agreed that this claim be submitted to the court on the claimant's complaint, the report of the Division of Highways attached to the stipulation, and the stipulation, and that the claimant and respondent waived the filing of statements, briefs and arguments and requested that this claim be assigned to the court for its determination on the facts.

It was further stipulated and agreed that the deceased left him surviving the claimant, Minnie Henry, his widow, whom he was under legal obligation to support.

It is further agreed that if an award should be made it should be in the sum of $4,000.00, payable in installments and in conformity with the provisions of the Workmen's Compensation Act.

Section 7 of the Workmen's Compensation Act provides that the amount of compensation which shall be paid for an injury to the employee resulting in death shall be, if the employee leaves any widow, child or children whom he was under legal obligation to support at the time of his injury, a sum equal to four times the average annual earnings of the employee, but not less in any event than two thousand five hundred dollars and not more in any event than four thousand dollars.

In this case the employee had earned $1,255.60 for the year prior to the time he was killed. His compensation, therefore, was $24.14 per week.

This section also provides that any right to receive compensation hereunder shall be extinguished by the remarriage of a widow, if the deceased did not leave him surviving any

child or children whom he was under legal obligations to support at the time of said injury. Section 7 further provides that all compensation, except for burial expenses provided in the Act in case an injury results in death, shall be paid as provided for in Section 8, at the same intervals at which the services or earnings of the employee were paid.

From the stipulation of facts in this case the court finds that Abel Henry died as the result of an injury which arose out of and in the course of his employment; that he left a widow, Minnie Henry, and that he was under a legal obligation to support her; that he left no children under sixteen years of age.

The court, therefore, makes an award payable to Minnie Henry in the sum of $4,000.00, payable at the rate of Twelve Dollars and Seven Cents ($12.07) per week from the time of her husband's death.

Accrued compensation is as follows: From May 25, 1939, up to February 16, 1940, being 38 weeks, the sum of, Four Hundred Fifty-eight Dollars and Fifty-six Cents ($458.56) now payable; the balance, i.e.: $3,541.34 to be paid at the rate of Twelve Dollars and Seven Cents ($12.07) per week.

This award being subject to the provisions of an Act entitled ''An Act making an Appropriation to Pay Compensation Claims of State Employees and providing for the Method of Payment Thereof,'' approved July 3, 1937 (Sess. Laws 1937, p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from the appropriation from the Road Fund in the manner provided for in such Act.